IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                    CRIMINAL CASE NO.: 3:22-CR-62-SA-1

LUCAS SMITH                                                                                    DEFENDANT

ORDER

Now before the Court is Lucas Smith's *pro se* Motion to Reduce Sentence [208]. The Government opposes the requested relief. Having reviewed the filings and the applicable authorities, the Court is prepared to rule.

*Background*

On May 11, 2022, Lucas Smith, along with three other individuals, was indicted for multiple counts of conspiracy, aiding and abetting the distribution of methamphetamine, and money laundering. *See* [13]. On July 20, 2022, he pled guilty to two counts of the Superseding Indictment [54]—conspiracy to distribute methamphetamine and money laundering. *See* [70].

Smith was sentenced on June 5, 2023. His guideline imprisonment range was calculated as 235 months to 292 months. The Court sentenced him to serve a term of imprisonment of 240 months to be followed by five years of supervised release. *See* [171].

According to the Bureau of Prisons' website, Smith is currently housed at Forrest City Low FCI with an anticipated release date of March 2, 2039. Through his present filing, Smith requests a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines.

*Analysis and Discussion*

After imposition of a term of imprisonment, courts are limited in their ability to modify the imposed term. *See*, *e.g.*, *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). But 18

U.S.C. § 3582(c) provides authorization for courts to do so under certain circumstances, reading in pertinent part as follows:

> **(c) Modification of an imposed term of imprisonment.** -- The court may not modify a term of imprisonment once it has been imposed except that --
>
> . . .
>
> **(2)** in the case of defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Consistent with this statutory language, the Supreme Court has articulated a two-step analysis for courts to follow in determining whether a sentence reduction is appropriate, explaining that courts should (1) determine the defendant's eligibility for sentence modification and what amended guideline range would have been applicable; and (2) consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction is warranted under the particular circumstances of the case. *Dillon v. United States*, 560 U.S. 817, 827, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010).

In this case, the inquiry never gets past the first step. Smith is not eligible for a reduction. In his Motion [208], which is a form document, Smith requests a sentence reduction pursuant to the amendment of Section 4A1.1 and a new provision—Section 4C1.1. The Court will address each provision.

2

In Part A to Amendment 821, the Sentencing Commission altered the "status points" provision of the Guidelines, lowering the number of "status points" that apply in certain circumstances. *See* U.S.S.G. § 4A1.1(e). Under the new provision, a person who has seven criminal history points or more now receives one "status point" (compared to two) and a person who has six criminal history points or less no longer receives any status points. *Id*.

The Court has reviewed Smith's Presentence Investigation Report [155]. He received no "status points" and therefore is not eligible for a reduction under Part A.

Part B of Amendment 821 created Guideline Section 4C1.1, which makes eligible for a reduction certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Smith was not a zero-point offender. He received three criminal history points for a sale of cocaine charge from 2007. *See* [155] at p. 14. He is not eligible for a sentence reduction under Part B.

Additionally, even if Smith could establish eligibility, the second step requires that the reviewing court consider any applicable Section 3553(a) factors. *See Dillon*, 560 U.S. at 827. Those factors do not weigh in favor of a reduction. Smith was the leader of a drug trafficking operation. He pled guilty to conspiracy to distribute methamphetamine and money laundering. The Court finds the need for Smith's sentence to be high—it is necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence. Furthermore, the Court has an obligation, which it takes seriously, to protect the public from further crimes of the Defendant.

Ultimately, the Section 3553(a) factors do not weigh in favor of relief, even if Smith could establish eligibility.

*Conclusion*

For the reasons set forth above, Smith's Motion [208] is DENIED. His sentence will not be modified.

SO ORDERED, this the 29th day of October, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE