IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                           CRIMINAL CASE NO.: 3:22-CR-62-SA-1

LUCAS SMITH                                                                                                    DEFENDANT

ORDER

Now before the Court is Lucas Smith's *pro se* Motion to Reduce Sentence [217]. The Government has not responded, but the Court, having considered the record and applicable authorities, is prepared to rule.

*Background*

On May 11, 2022, Lucas Smith, along with three other individuals, was indicted for multiple counts of conspiracy, aiding and abetting the distribution of methamphetamine, and money laundering. *See* [13]. On July 20, 2022, he pled guilty to two counts of the Superseding Indictment [54]—conspiracy to distribute methamphetamine and money laundering. *See* [70].

Smith was sentenced on June 5, 2023. His guideline imprisonment range was calculated as 235 months to 292 months. The Court sentenced him to serve a term of imprisonment of 240 months to be followed by five years of supervised release. *See* [171].[1]

According to the Bureau of Prisons' website, Smith is currently housed at Forrest City Low FCI with an anticipated release date of October 3, 2038. *See* www.bop.gov/inmateloc/. Through his present filing, Smith seeks compassionate release, citing his health conditions as the justification for his request.

---

[1] Senior United States District Judge Neal Biggers imposed Smith's sentence. The case has since been reassigned.

*Analysis and Discussion*

After imposition of a term of imprisonment, courts are limited in their ability to modify the imposed term. *See*, *e.g.*, *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). But 18 U.S.C. § 3582(c) provides authorization for courts to do so under certain circumstances, reading in pertinent part as follows:

> **(c) Modification of an imposed term of imprisonment.** -- The court may not modify a term of imprisonment once it has been imposed except that --
>
> **(1)** in any case --
>
> **(A)** the court . . . may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that --
>
> > **(i)** extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i).[2]

The Fifth Circuit has articulated the conditions that a prisoner must satisfy for compassionate release to be appropriate:

> [A] prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a).

*United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022) (internal citations omitted).

---

[2] The statute also contains an exhaustion of administrative remedies requirement. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring a prisoner to file a request for compassionate release with the Warden of the facility where housed prior to filing a motion for compassionate release in federal court). The Fifth Circuit has interpreted this requirement as mandatory. *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) ("The statute's [administrative exhaustion] language is mandatory."). Lucas' Motion [217] includes documentation indicating that he has complied with the exhaustion requirement.

Concerning the first step, Sentencing Guideline 1B1.13 includes "medical circumstances of the Defendant" as one of the potential bases justifying compassionate release. Smith contends that he "has been diagnosed with chronic kidney disease (Polycystic Kidney) and has been living in extreme pain." [217] at p. 3. There are multiple subsections within the "medical circumstances" category of Section 1B1.13, including (as potentially relevant here) the defendant suffering from a terminal illness, suffering from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or suffering from a "medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1).

Although Smith states facts in his Motion [217] indicating that his medical circumstances are serious, there is a lack of corroborating documentation to verify his condition. In the documentation that Smith provided, he clearly expresses to medical providers on multiple occasions that he has a kidney condition, but there are no medical records substantiating the existence of the condition attached to the filing. Notably, there is a January 2025 email within the documentation wherein a prison staff member indicates to Smith that his medical records had been requested, but Smith has not provided any such records to this Court. That same email also includes a sentence that the records department "did receive your medication list within your transport records from Tallahatchie County Correctional Facility which did not include the medication you are referring to." [217] at p. 24.

Thus, while Smith claims to be suffering from a rather serious medical condition, the Court has nothing to verify it. Although this is perhaps through no fault of Smith's, the Court cannot rely on his mere assertions.

Setting aside that issue, though, even if Smith could establish the existence of extraordinary and compelling reasons to justify his release, his request fails at the third step. As noted above, under that step, "the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a)." *Jackson*, 27 F.4th at 1089. Smith cannot do so.

As the Court noted in a previous Order [216], the Section 3553(a) factors weigh *heavily* against a sentence reduction in this case. Smith was the leader of a drug trafficking operation. He pled guilty to conspiracy to distribute methamphetamine and money laundering. The converted drug weight calculated in his Presentence Investigation Report [155] was 54,446.56 kg. Additionally, Smith received an enhancement pursuant to Section 2D1.1(b)(2) for making a credible threat to use violence. Prior to the instant offense, Smith had three other convictions involving the sale of drugs (though one of them was expunged). All of these facts support the Court's conclusion that the need for the imposed sentence is extremely high. The sentence is necessary to reflect the seriousness of Smith's offense, promote respect for the law, provide just punishment, and afford adequate deterrence. In addition, the Court finds that its obligation to protect the public from further crimes of the Defendant further supports the imposed sentence here. Smith has been involved in criminal activity spanning numerous years, and the public needs to be protected from him. Smith received a within-Guidelines significant sentence in this case. The sentence was, and continues to be, justified.

Ultimately, the Section 3553(a) factors counsel heavily against early release in Smith's case.

*Conclusion*

For the reasons set forth above, Smith's Motion [217] is DENIED. His sentence will not be modified.

SO ORDERED, this the 11th day of August, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE